UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No.: 14-86 |
| JASON PAYNE | SECTION: "J" (1) |

### ORDER & REASONS

Before the Court is a *Motion for Compassionate Release* **(Rec. Doc. 503)** filed by Defendant, Jason Payne, and an opposition thereto (Rec. Doc. 511) filed by the Government. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Defendant's motion is **DENIED as premature.**

### FACTS AND PROCEDURAL BACKGROUND

On February 4, 2016 Defendant was sentenced by this Court to 140 months imprisonment after pleading guilty to conspiracy to distribute over one kilogram of heroin. (Rec. Doc. 325). Defendant is currently incarcerated at FCI Three Rivers with a projected released date of June 16, 2024. On May 27, 2020, the Court received Defendant's present motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). Defendant cites the potential outbreak of Covid-19 at his place of imprisonment, as well as his history of good behavior while incarcerated, as grounds for his compassionate release.

## DISCUSSION

If "extraordinary and compelling reasons exist," a district court has the authority to reduce a prisoner's sentence via compassionate release. § 3582(c)(1)(A). Before hearing the merits of a prisoner's compassionate release motion, however, a prisoner must first meet certain procedural requirements. Specifically, a district court may only entertain a compassionate release motion if it is filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Although the Court recognizes that a minority of district courts, primarily in the Second Circuit, have found these requirements to be waivable by the sentencing court, this Court agrees with the position taken by other sections of the Eastern District of Louisiana, i.e. that failure to meet the so-called "exhaustion" requirements of 3582(c)(1)(A) forecloses the avenue to relief. *See United States v. Calogero*, No. 18-203 "R" (E.D. La. Apr. 14, 2020) (Vance, J.), ECF No. 74, at 2-3 (compassionate release inappropriate because 30 days had not passed since defendant's warden received his request, and he had not exhausted administrative remedies); *United States v. James*, No. 13-84 "G" (E.D. La. Apr. 16, 2020) (Brown, J.), ECF No. 95, at 12 (denying compassionate release for failure to exhaust administrative remedies and observing that"[t]his Court agrees with the overwhelming majority of courts on the exhaustion issue. Section 3582(c)(1)(A)'s exhaustion requirement is set out in mandatory terms and does not enumerate any

exceptions") (citing cases); *United States v. Celestine*, No. 18-83 "H" (E.D. La. Apr. 13, 2020) (Milazzo, J.), ECF No. 133, at 3 ("While this Court is sympathetic to Defendant's request, it has no authority to consider it until Defendant exhausts the requirements of the FSA.").

Here, Defendant has not provided evidence that he has either exhausted his BOP administrative rights or that thirty days have passed since the warden received Defendant's request to bring a compassionate release motion on his behalf. Conversely, counsel for the Government avers that he has spoken to a representative from FCI Three Rivers who affirmed that Defendant has not yet submitted any administrative request to the BOP. (Rec. Doc. 511 at 9).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Compassionate Release* **(Rec. Doc. 754)** is **DENIED** without prejudice as premature.

New Orleans, Louisiana, this 3rd day of June, 2020.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

3