UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No.: 14-86 |
| JASON PAYNE | SECTION: "J" (1) |

## ORDER & REASONS

Before the Court is a *Motion for Compassionate Release* **(Rec. Doc. 522)** filed by Defendant, Jason Payne, and an opposition thereto (Rec. Doc. 524) filed by the Government. Additionally, Defendant (Rec. Doc. 525) and the Government (Rec. Doc. 526) have filed supplemental memorandums. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Defendant's motion is **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On February 4, 2016 Defendant was sentenced by this Court to 140 months imprisonment after pleading guilty to conspiracy to distribute over one kilogram of heroin. (Rec. Doc. 325). Defendant is currently incarcerated at FCI Three Rivers with a projected released date of June 16, 2024. On May 27, 2020, the Court received Defendant's First Compassionate Release Motion (Rec. Doc. 503) seeking relief under 18 U.S.C. § 3582(c)(1)(A). The Court denied the motion as premature because Defendant had failed to exhaust his administrative options.

On July 8, 2020, Defendant mailed the current motion, his second seeking compassionate release, to the Court (Rec. Doc. 522 at 3). Defendant contracted Covid-19 on or around July 11, 2020, roughly three days after mailing his motion to the Court. (Rec. Doc. 524-1).

## DISCUSSION

As an antecedent matter, it is undisputed that Defendant has satisfied the procedural requirements necessary to bring a compassionate release motion on his own behalf. § 3582(c)(1)(A). Because Defendant's motion for compassionate release is properly before the Court, the Court must determine whether Defendant has met his burden of proving he is entitled to a sentence reduction under § 3582(c)(1)(A). *See United States v. Jones,* 836 F.3d 896, 899 (8th Cir. 2016) (the movant bears the burden of proving he is entitled to a sentence reduction). A defendant seeking a sentence reduction must establish that "extraordinary and compelling reasons warrant the reduction" and "[he] is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. These requirements derive from the Sentencing Commission's Policy Statement ("Policy Statement") on sentencing reductions under § 3582(c)(1)(A).

The Policy Statement further clarifies that "extraordinary and compelling reasons" encompasses only small, specific sets of circumstances. U.S.S.G. § 1B1.13, cmt. n.1(A). Namely, there are three recognized circumstances that may facilitate an inmate's early release: "(a) 'a medical condition'—specifically, 'a terminal illness' or a condition that 'substantially diminishes the ability of the defendant to provide

self-care within the environment of a correctional facility and from which he or she is not expected to recover'; (b) 'age'—starting at age 65; and (c) 'family circumstances.'" *United States v. Calogero,* No. 18-203, at 4-5 (citation omitted).[1] Defendant does not provide evidence, nor does he argue, that he fits into any established category that would entitle him to compassionate release. Rather, Defendant argues that the risk of contracting Covid-19 while incarcerated, combined with his medical issues, is sufficient to meet the standard for compassionate release. Defendant alleges he suffers from "high cholesterol" and "chronic bronchitis." (Rec. Doc. 522 at 1). In his supplemental memorandum, dated July 29, 2020, Defendant notes that he tested positive for Covid-19 around July 11 and still felt "terribly sick" from Covid-19 symptoms. (Rec. Doc. 525 at 2).

Once a defendant actually contracts Covid-19, the "relevant questions concern (1) the course of his illness, (2) the state of his health, (3) his prognosis, and (4) the adequacy of the care and treatment being provided to him in BOP given his pre-existing conditions." *United States v. McCollough,* 2020 WL 2812841, at *2 (D. Ariz. May 29, 2020). The only actual medical records concerning Defendant's Covid-19 status have been provided by the Government. (Rec. Doc. 526-1)*; see United States v. Green*, No. 2:11-cr-00468-TLN, 2020 WL 1892456 at *3 (E.D. Ca. Apr. 16,

---

[1] The Court notes that there is some dispute over whether the Sentencing Commission's Policy Statement remains binding in light of the statutory changes enacted by the First Step Act. *See Dillon v. United States,* 560 U.S. 817, 830 (2010) (holding that the Policy Statement is binding when evaluating sentence reduction requests under Section 3582); *cf. United States v. Perdigao*, No. 2:07-cr-00103 (E.D. La. Apr. 2, 2020) (Doc. No. 237 at 5) (finding that the policy statement is no longer dispositive). The Court finds it is not necessary to decide this issue at this time, as at the very least the Policy Statement remains instructive. *See United States v. LeBlanc,* 2020 WL 2331690 (E.D. La. May 11, 2020); *Perdigao*, No. 07-cr-103 (although not dispositive, the Policy Statement remains instructive.).

2020) (holding that BOP medical records provided by the Government supersede Defendant's unsubstantiated claims of health problems). Here, Defendant's medical records show that he was diagnosed as positive for Covid-19, received regular care, and fully recovered. (Rec. Doc. 526-1). This shows the care and treatment Defendant is receiving while incarcerated is adequate given his underlying conditions. Moreover, according to current CDC data, "there have been no confirmed cases of [Covid-19] reinfection." CTRS. FOR DISEASE CONTROL & PREVENTION, *Coronavirus Disease 2019 (COVID-19): Duration of Isolation and Precautions for Adults with COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/hcp/duration-isolation.html (last visited Aug. 14, 2020). Thus, Defendant's concern that he may contract the virus again if he remains incarcerated does not constitute an "extraordinary and compelling reason" for relief. For the foregoing reasons, "[c]ourts have denied COVID-19-based motions for compassionate release filed by inmates who have already contracted the virus." *United States v. Baker,* No. 16-cr-179, 2020 WL 4584195 at *4 (E.D. La. Aug. 10, 2020) (citing cases).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Compassionate Release* **(Rec. Doc. 522)** is **DENIED**.

New Orleans, Louisiana, this 17th day of August, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE